**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
By: Steven J. Bushinsky, Esquire
W. Daniel Feehan, Esquire

*Attorneys for Plaintiffs*

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES of the REFRIGERATION, AIR CONDITIONING & SERVICE DIVISION (UA-NJ) PENSION FUND, WELFARE FUND, ANNUITY FUND and EDUCATION FUND for and on behalf of themselves and said funds,<br><br>Plaintiffs,<br><br>v.<br><br>VALIANT POWER GROUP, INC.,<br>Defendant. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiffs, by and through undersigned counsel, state as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2. The jurisdiction of this Court is invoked pursuant to Section 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the LMRA, 29 U.S.C. §185, and the common law of ERISA.

3. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because the Plan is administered, and the breach took place, in the District of New Jersey.

4. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

5. Plaintiffs, Refrigeration, Air Conditioning & Service Division (UA-NJ) Pension Fund, Welfare Fund, Annuity Fund and Education Fund ("Funds"), are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) and are employee benefit plans established and maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing health benefits and other benefits to eligible participants. The Funds are also multiemployer plans within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. §1002(37) and §1145.

6. The Funds have standing to commence this action, and are further authorized to sue in their own names, pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

7. The Trustees are "fiduciaries" of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A) with respect to the collection of contributions due to the Funds.

8. The Funds maintain their principal place of business at 830 Bear Tavern Road, 2nd Floor, West Trenton, NJ 08628.

9. The Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

10. Defendant, Valiant Power Group, Inc. ("Valiant"), is referred to as "Defendant" or "employer" or "party in interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

11. Upon information and belief, Defendant Valiant's principal place of business is located at 1 Commerce Street, Branchburg, NJ 08876.

3

12. Upon information and belief, Defendant Valiant conducts or has conducted business in the State of New Jersey.

## COUNT ONE

13. The Funds incorporate the allegations in Paragraphs 1 through 12 of this Complaint as if set forth herein in their entirety.

14. At all times relevant hereto, Defendant Valiant was a party to or agreed to abide by the terms and conditions of an Inside Agreement with one or more local labor unions or district councils affiliated with the Refrigeration, Air Conditioning & Service Division (UA-NJ) Pension Fund, Welfare Fund, Annuity Fund and Education Fund and the New Jersey Committee Representing the United Association of Plumbers and Pipefitters of the United States and Canada ("Union").

15. At all times relevant hereto, Defendant Valiant agreed to abide by the terms of the Agreements and Declarations of Trust ("Trust Agreements") which govern the Funds, as well as the Policy for Collection of Fringe Benefit Contributions ("Policy"). The Trust Agreements and the Policy set forth the rules and regulations with respect to participation in, and administration of, the Funds.

4

16. By virtue of the Inside Agreement, Trust Agreements, the Policy, and in accordance with federal law and administrative regulations, Defendant Valiant agreed:

a. To remit fringe benefit contributions to the Funds on behalf of eligible employees of Defendant Valiant;

b. To remit fringe benefit contributions to the Funds in a timely manner;

c. To submit monthly remittance reports to the Funds detailing all employees who worked in a given period of time and the amount of contributions to be remitted on behalf of said employee;

d. To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Defendant Valiant's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreements; and

e. To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of Defendant Valiant's failure to comply with its contractual and statutory obligations.

17. Despite Defendant Valiant's clear and unequivocal obligations under the terms of the parties' Inside Agreement, Trust Agreements, and the Policy, Defendant Valiant has failed to remit the total amount of employee fringe benefit contributions that are due to the Funds on behalf of eligible employees for the period of time, including, but not limited to, November 27, 2017 through January 31, 2018.

18. Payment of the delinquent contributions and penalties assessed against Defendant Valiant has been demanded by the Funds on numerous occasions, but Defendant Valiant has refused to submit the required payments.

19. Such delinquencies, if not paid in full immediately, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

20. Defendant Valiant's failure to remit timely fringe benefit contributions has resulted in a violation of 29 U.S.C. §1145.

21. This action is brought by the fiduciaries of the Funds pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty percent (20%), reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Funds respectfully request the following relief:

a. Order Defendant Valiant to pay all contributions due and owing to the Funds;

b. Order Defendant Valiant to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

c. Order Defendant Valiant to pay liquidated damages in the amount of twenty percent (20%) as provided by 29 U.S.C. §1132(g);

d. Order Defendant Valiant to specifically perform all obligations to the Funds under the CBA;

e. Order Defendant Valiant to pay the Funds' reasonable attorneys' fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

f. Order any such other and further relief as this Court may deem equitable, just and appropriate.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

*Attorneys for Plaintiffs*

By: _____
Steve J. Bushinsky, Esquire
W. Daniel Feehan, Esquire
O'Brien, Belland & Bushinsky, LLC
1526 Berlin Road
Cherry Hill, NJ 08003
856-795-2181/856-795-2182
dfeehan@obbblaw.com

Dated: February 21, 2018